U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 11 2013

TONY R. M_____ CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

STEPHANIE BARNES and
JAMES BARNES,
individually & as natural tutors
of minor children S.G., A.B.,
and M.B.

versus

COMMERCE & INDUSTRY
INSURANCE COMPANY and
AMERICAN INTERNATIONAL
INSURANCE COMPANY

CIVIL ACTION NO. 11-0041
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for reconsideration filed by the plaintiffs, Stephanie Barnes and James Barnes, individually and as natural tutors of their minor children S.G., A.B., and M.B. (hereinafter collectively referred to as "plaintiffs"). See Record Document 42. The plaintiffs' motion asks this court to reconsider its January 22, 2013, order granting partial summary judgment in favor of the defendants, Commerce and Industry Insurance Company and American International Insurance Company (hereinafter collectively referred to as "defendants"). See Record Documents 35, 36 and 37. For the reasons stated below, the plaintiffs' motion for

reconsideration is **GRANTED**.

## I. PROCEDURAL HISTORY[1]

On December 23, 2010, the plaintiffs filed suit against the defendants in state court in Louisiana. See Record Document 1, Ex. 2. The plaintiffs' petition seeks coverage under their policies with the defendants in addition to damages, penalties, attorney's fees and costs pursuant to Louisiana's bad faith insurance claim adjustment statutes. See La. R. Stat. §§ 22:1892 and 22:1973; Record Document 1, Ex. 2. On January 13, 2011, the defendants removed the lawsuit to this court. See Record Document 1. The defendants subsequently filed a motion for partial summary judgment, seeking dismissal of the plaintiffs' claims for statutory penalties and attorney's fees. See Record Document 24. On January 18, 2013, this court entered a Memorandum Ruling and Order granting the defendants' motion for partial summary judgment.[2] See Record Documents 35, 36 and 37. On March 20, 2013, the plaintiffs filed this motion for reconsideration, contending that there are genuine

---

[1] The facts of this case have been summarized in the court's previous Memorandum Ruling. See Record Document 35.

[2] This court's initial order erroneously dismissed the all of the plaintiffs' claims, including their claim for coverage under their policies with the defendants. See Record Document 36. On January 22, 2013, this court entered an amended Order, accurately reflecting that only the plaintiffs' claims for statutory penalties and attorney's fees were dismissed by granting the defendants' motion for partial summary judgment. See Record Document 37.

issues of fact as to whether the plaintiffs submitted sufficient proof of loss and the reasonableness of the defendants' conduct. See Record Document 42. The defendants oppose the plaintiffs' motion and urge the court to maintain its original ruling. See Record Document 46.

## II. ANALYSIS

A.  **Motion For Reconsideration Standard.**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997); State of La. v. Sprint Commc'ns. Co., 899 F.Supp. 282, 284 (M.D. La. 1995). Nor do the plaintiffs cite the rule of procedure under which this court should reconsider its order granting the defendants' motion for partial summary judgment. Nevertheless, federal courts have accepted such motions. District courts in this circuit apply one of three standards in evaluating motions for reconsideration, depending upon whether the motion seeks review of a final judgment or an interlocutory order. If the motion urges reconsideration of a final judgment, it is "treated as either a motion to 'alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." Dos Santos v. Bell Helicopter Textron, Inc. Dist., 651 F.Supp.2d 550, 553 (N.D. Tex. 2009)(quoting Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991)). However, if the motion seeks reconsideration of an

interlocutory order, Federal Rule of Civil Procedure Rule 54(b) governs. See Dos Santos, 651 F.Supp.2d at 553; Helena Labs. Corp. v. Alpha Scientific Corp., 483 F.Supp.2d 538 (E.D. Tex. 2007). This court's Order granting the defendants' motion for partial summary judgment was interlocutory, not final, because it did not resolve all of the issues pending between the parties.[3] See Streber v. Hunter, 221 F.3d 701, 737 (5th Cir. 2000)(quotations omitted). Accordingly, this court will reconsider its order pursuant to Rule 54(b).

Federal Rule of Civil Procedure Rule 54(b) provides, in part, that "[a]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order" under Rule 54(b). Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp., 259 F.Supp.2d 471, 475 (M.D. La. 2002). The Fifth Circuit has stated that "[a]s long as a district . . . court has jurisdiction over the case, then . . . it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

---

[3] Namely, the amended Order did not resolve the plaintiffs' claim for coverage under the policy with the defendants. See note 2, supra.

sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981).

**B.     Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.

2002).

C.  The Plaintiffs' Motion For Reconsideration.

The plaintiffs' motion for reconsideration argues that questions of material fact exist such that this court erred in granting partial summary judgment in favor of the defendants. See Record Document 42; Record Document 35 at 17-18. Upon further consideration, and in light of additional relevant information, this court will reconsider its previous ruling in this case. The plaintiffs have presented evidence which raises genuine disputes of material fact with respect to whether they submitted sufficient proof of loss as well as the reasonableness of the defendants' handling of their claim. The Louisiana Supreme Court has held that summary judgment is "rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith." Merwin v. Spears, 90 So.3d 1041, 1042 (La. 2012)(quoting Penalber v. Blount, 550 So.2d 577, 583 (La. 1989)). The court concludes that these issues should be resolved by the trier of fact. Accordingly, the plaintiffs' motion for reconsideration is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the plaintiffs' motion for reconsideration is **GRANTED. IT IS FURTHER ORDERED** that the defendants' motion for partial

summary judgment is **DENIED. IT IS FURTHER ORDERED** that this court's order granting the defendants' motion for partial summary is **VACATED.**

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 11th day of June, 2013.

_____
JUDGE TOM STAGG