RECEIVED

NOV 20 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

STEPHANIE BARNES and
JAMES BARNES,
individually & as natural tutors
of minor children S.G., A.B.,
and M.B.

versus

COMMERCE & INDUSTRY
INSURANCE COMPANY and
AMERICAN INTERNATIONAL
INSURANCE COMPANY

CIVIL ACTION NO. 11-0041
JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before this court is a motion in limine filed by the plaintiffs, Stephanie Barnes and James Barnes, individually and as natural tutors of minor children S.G., A.B., and M.B. (collectively "Barnes"), seeking to prohibit the defendants, Commerce and Industry Insurance Company and American International Insurance Company (collectively "C&I"), from offering any evidence regarding, or mentioning in the presence of the jury, the existence of both the plaintiffs' health insurance policy with BlueCross/BlueShield and their disability policy through UNUM Group Insurance. See Record Document 70. Barnes argues that any benefits received from those

policies are inadmissible at trial under the collateral source doctrine. See id. C&I filed an opposition, arguing that the collateral source rule could not be used to exclude the UNUM disability policy.[1] See Record Document 78. For the reasons set forth herein, the plaintiffs' motion in limine is **GRANTED**.

## I. LAW AND ANALYSIS

"The collateral source rule is a rule of evidence and damages that is of common law origin, yet embraced and applied by Louisiana courts." Bozeman v. State, 879 So. 2d 692, 697 (La. 2004). The rule is designed to prevent tortfeasors from benefitting when an injured plaintiff receives money from an independent source, such as an insurance company. See id. at 698; Johnston v. Shelton, 961 So. 2d 582, 587 (La. App. 2d. Cir. 2007); Stewart v. Am. Family Mut. Ins. Co., No. 06-09884, 2008 WL 440331 at *2 (E.D. La. Feb. 12, 2008). One of the collateral source rule's purposes is to protect tort victims who have the foresight to purchase insurance, ensuring their recovery from tortfeasors is not affected. See Bozeman, 879 So. 2d at 698; Johnston, 961 So. 2d at 587.

C&I argues the collateral source rule does not apply to the disability payments

---

[1] C&I concedes in its opposition that the collateral source rule applies to the BlueCross/BlueShield policy. Consequently, Barnes's motion is **GRANTED** as to the health insurance benefits she received from BlueCross/BlueShield, and the court's analysis is restricted to whether the collateral source rule applies to the UNUM disability policy.

made by UNUM for two reasons. First, C&I argues it is entitled to a credit for the payments UNUM made to Barnes because C&I and UNUM are solidary obligors. Second, C&I claims that the UNUM disability payments are relevant to the plaintiffs' bad faith claim because the plaintiffs presented UNUM documents to C&I to show a satisfactory proof of loss. This court finds neither of these arguments persuasive.

In support of its first argument, C&I cites to Bellard v. American Central Insurance Company, 980 So. 2d 654 (La. 2008). In Bellard, the plaintiff ("Bellard") was injured while driving a company truck during the course and scope of his employment. See Bellard, 980 So. 2d at 659. Bellard subsequently sued his employer's uninsured motorist insurance policy provider ("Trinity"), who sought a credit equal to the workers' compensation benefits that Bellard had received. See id. at 660-61. The district court held that Trinity was entitled to a credit, but the court of appeal reversed, holding the workers' compensation insurer and uninsured motorist insurer were not solidarily liable and the collateral source doctrine applied. See id. at 661-62.

The Louisiana Supreme Court reversed the court of appeal, finding that the uninsured motorist insurer and workers' compensation insurer were solidary obligors and therefore the collateral source doctrine could not be applied. See id. at 664-67. The court held that the primary justification for applying the collateral source

doctrine, tort deterrence, did not apply because Trinity insured the employer, who was not at fault. See id. at 669. The court further reasoned the collateral source doctrine should not apply because Bellard had not given consideration for his workers' compensation benefits, which an employer is required by law to pay, and thus would receive a windfall of double recovery if Trinity were not given a credit. See id. at 670.

This case is factually distinguishable from Bellard in two important ways. First, the uninsured motorist insurer in Bellard was seeking a credit for workers' compensation benefits that Bellard received, whereas C&I is seeking a credit for disability benefits that UNUM paid to Barnes. Second, Barnes has given consideration for the UNUM disability policy—namely, paying premiums—while Bellard was legally entitled to workers' compensation benefits. Consequently, while the justification of tort deterrence does not apply to this case, as the court in Bellard recognized, the collateral source doctrine should apply to protect a tort victim who has given compensation for a collateral source of benefits. See id. at 669. See also Bozeman, 879 So. 2d at 706 ("[W]here plaintiff's patrimony has been diminished in some way in order to obtain the collateral source benefits, then plaintiff is entitled to the benefit . . . .").

As for C&I's second argument, it is of no consequence that Barnes gave C&I

4

UNUM documents when Barnes was trying to show a satisfactory proof of loss. Whether or not Barnes gave C&I all the necessary documents to make such a showing can be established without the jury needing to hear that Barnes has already received disability benefits from UNUM.

Barnes cites to a factually similar case, Dumas v. Harry, 638 So. 2d 283 (La. App. 5th Cir. 1994), which the court finds compelling. The plaintiff in Dumas was a passenger injured in a car accident who, like Barnes, sued his uninsured motorist carrier, alleging the carrier was in bad faith for refusing to pay for his damages. See Dumas, 638 So. 2d at 285. The trial court judge allowed evidence of the plaintiff's health and disability insurance benefits to be presented to the jury, over the plaintiff's objections that this was improper under the collateral source rule. See id. at 286. The trial court accepted the defendant's argument that the evidence was admissible in defense of the bad faith claim. See id. The jury did not award any damages, finding the plaintiff was already adequately compensated for his injuries. See id. at 285. The court of appeals reversed, holding the evidence of disability and health benefit payments the plaintiff received were not admissible under the collateral source rule because "under no circumstances is defendant granted a credit, set-off or any other type of mitigation of its liability for damages because of these payments." Id. at 286.

Like the plaintiff in Dumas, Barnes has received health and disability insurance

benefits but is suing her uninsured motorist carrier for benefits it has not paid. Barnes is similarly alleging her carrier has refused to pay in bad faith. The facts of this case fit squarely within those of Dumas, and this court likewise reasons that the collateral source doctrine applies to the UNUM disability benefits that Barnes has received.

## II. CONCLUSION

For all the foregoing reasons, Barnes's motion in limine is **GRANTED** as to both the health insurance benefits paid by BlueCross/BlueShield and the disability payments paid by UNUM. The defendants may not make any reference to the benefits that Barnes received from either BlueCross/BlueShield or UNUM.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 19th day of November, 2013.

JUDGE TOM STAGG