RECEIVED

NOV 2 0 2013

TONY R. MOORE, CLERK
WESTER  DISTRICT OF LOUI
C... LuLL GT _.. ...ZIANA
BY: _____

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

---

STEPHANIE BARNES and
JAMES BARNES,
individually & as natural tutors
of minor children S.G., A.B.,
and M.B.

                                          CIVIL ACTION NO. 11-0041
versus                                    JUDGE TOM STAGG

COMMERCE & INDUSTRY
INSURANCE COMPANY and
AMERICAN INTERNATIONAL
INSURANCE COMPANY

---

## MEMORANDUM RULING

Before this court is a motion in limine filed by the plaintiffs, Stephanie Barnes

and James Barnes, individually and as natural tutors of minor children S.G., A.B., and

M.B. (collectively "Barnes"), seeking to exclude the witness statements contained in

the police report dated December 24, 2009. See Record Document 71. Barnes argues

the statements of the two witnesses, Aaron Aud and Thomas Harwell, are

inadmissible hearsay and unreliable. See id. Barnes also argues the statements are

inadmissible opinion testimony under the Federal Rules of Evidence. See id. The

defendants, Commerce and Industry Insurance Company and American International

Insurance Company (collectively "C&I"), filed an opposition, arguing the statements must be admitted because C&I relied on those statements in adjusting Barnes's claim and the statements are therefore relevant to whether C&I's actions were arbitrary and capricious. See Record Document 79. For the reasons set forth herein, the plaintiffs' motion in limine is **GRANTED.**

## I. BACKGROUND

Barnes's claim against C&I arises out of a car accident that occurred on December 24, 2009.[1]  On the date of the accident, Corporal D. Coleman of the Shreveport Police Department responded to the scene and completed an accident report. See Record Document 79, Ex. A. The report contains statements from two witnesses, Aaron Aud and Thomas Harwell, as well as a statement from Dr. Stephanie Barnes. See id., Ex. A at 7-9. Aaron Aud stated that Dr. Barnes "appeared to be speeding." Id., Ex. A at 7. Thomas Harwell stated that Dr. Barnes was traveling "at what appeared to be a high rate of speed." Id., Ex. A at 8. Barnes's motion seeks to exclude these statements as inadmissible hearsay, hearsay within hearsay, and impermissible opinion testimony. See Record Document 71.

---

[1] The facts of this case have been summarized in the court's previous Memorandum Rulings. See Record Documents 35 and 54.

2

## II.  LAW AND ANALYSIS

Out of court statements that are offered to prove the truth of the matter asserted are hearsay.  <u>See</u> Fed. R. Evid. 801.  Unless such statements fall under a valid exception, they are not admissible.  <u>See</u> Fed. R. Evid. 802.  "The hearsay rule . . . is premised on the theory that out-of-court statements are subject to particular hazards. The declarant might be lying; he might have misperceived the events which he relates; he might have faulty memory; his words might be misunderstood or taken out of context by the listener."  <u>Williamson v. United States</u>, 512 U.S. 594, 598, 114 S. Ct. 2431, 2434 (1994).

Barnes argues the statements of Aaron Aud and Thomas Harwell in the police report are hearsay and are not subject to any exception and therefore must be excluded.  Witness statements within police reports are inadmissible hearsay if offered to prove the truth of the matter asserted.  <u>See</u> <u>Manis v. Lawson</u>, 585 F.3d 839, 844 n. 3 (5th Cir. 2009)("Third party statements included in a police report are not admissible under the public records exception to the hearsay rule.");  <u>Jacobs v. Port Neches</u>, 7 F. Supp. 2d 829, 835 (E.D. Tex. 1998);  <u>Martin v. Strain</u>, No. 08-1197, 2009 WL 1565869 at *2 (E.D. La. June 2, 2009)("To the extent that defendants proffer the police reports to prove the truth of the hearsay statements of the . . . witnesses to the incident, which are contained in the reports, they are not

admissible."); Automatique New Orleans, Inc. v. U-Select-It, Inc., No. 94-3179, 1995 WL 569226 at *3 (E.D. La. Sept. 25, 1995)(holding a police report was inadmissible because the officer who wrote the report "did not observe anything but merely recorded the observations of another person."). In fact, witness statements within a police report are hearsay within hearsay. See United States v. Jimenez, 275 F. App'x 433, 437 n. 1 (5th Cir. 2008)("Police reports are generally excludable as hearsay."); United States v. Dotson, 821 F.2d 1034, 1035 (5th Cir. 1987)(holding that statements within a police report should have been excluded as hearsay within hearsay); Martinez v. Aetna Ins. Co., No. 97-2388, 1999 WL 169434 at *3 (E.D. La. Mar. 24, 1999)(noting that information in police reports that does not reflect the maker's personal knowledge, such as witness statements, is hearsay within hearsay and does not fall under the business records exception to the hearsay rule).

C&I's opposition does not appear to contend that the witness statements are not hearsay. Rather, C&I argues the witness statements should nevertheless be admitted because they are relevant to Barnes's allegation that C&I acted in bad faith in adjusting the claim. See Record Document 79. Specifically, C&I alleges that it relied on the police report and the witness statements therein when evaluating Barnes's claim.

The problem with C&I's argument is that there is insufficient proof in the

4

record to show C&I relied on the witness statements when evaluating Barnes's claim. The internal records from Chartis Insurance Group, who evaluated Barnes's claim for C&I, show the police report was in the insurer's possession on January 26, 2010, one month after the accident. See Record Document 24, Ex. B at 112-13. However, those same records show that C&I's primary concerns were with Barnes's medical and financial records. See id., Ex. B at 94-117. Correspondence between the Chartis employee assigned to Barnes's claim and Barnes's attorney also show that C&I's primary concern was obtaining Barnes's medical and financial records. See Record Document 27, Exs. 18 and 27. The first reference by C&I to the police report that this court can find in the record was in C&I's list of uncontested material facts and memorandum in support of its motion for partial summary judgment. See Record Document 24. This court is not convinced the witness statements in the police report significantly affected C&I's actions when evaluating Barnes's claim. Should C&I have evidence to the contrary, it may file a motion to reconsider and direct the court's attention to evidence showing that the witness statements did, in fact, play a significant role in C&I's evaluation of Barnes's claim. With the evidence presently before the court, though, C&I's argument to admit the statements as relevant to the bad faith claim is not convincing.

C&I's lone citation in its opposition is to Guillory v. Lee, 16 So. 3d 1104 (La.

2009). In Guillory, the plaintiff sued his uninsured motorist insurer for claims arising from an automobile accident, alleging the insurer was arbitrary and capricious in denying his claims. See Guillory, 16 So. 3d at 1109-10. The plaintiff provided his insurer with a police report containing statements from both drivers.[2] See id. at 1127-29. In her statement given to the police, the defendant claimed that another vehicle had swerved into her lane, which caused her to crash into the plaintiff. A representative of the insurer testified at trial that the insurer had reviewed the police report and relied on it in refusing to make a tender to the plaintiff. See id. at 1129. The court ultimately held the insurer had not acted in an arbitrary and capricious manner. See id. at 1130.

Guillory is factually similar to the present case but distinguishable on three important grounds. First, there is no evidence that the plaintiff in Guillory objected to the defendant's statement in the police report being admitted. Second, the defendant's statement in Guillory would be admissible as an exception to the hearsay rule. Police reports can be admitted as a business record made in the regular course of business. See Martinez, 1999 WL 169434 at *3; Fed. R. Evid. 803(6). Moreover,

---

[2] The court's opinion states the police report contained a written statement from Young. This was evidently a typo because Young was a passenger in the defendant's car. As in the present case, the other driver in Guillory was a named defendant but was dismissed before trial pursuant to a settlement.

the defendant's statement in <u>Guillory</u> was exempt from the hearsay rule as a party admission.  See <u>Martinez</u>, 1999 WL 169434 at *3; Fed. R. Evid. 801(d)(2).  In contrast, the statements of Aaron Aud and Thomas Harwell do not qualify under any hearsay exception.  Third, in <u>Guillory</u>, there was evidence before that court that the insurer relied upon the statements when it refused to make a tender to the plaintiff.  Here, the court has found no such evidence.

### III.  CONCLUSION

For all the foregoing reasons, the statements of Aaron Aud and Thomas Harwell in the police report are inadmissible hearsay and Barnes's motion <u>in limine</u> to exclude those statements from evidence is **GRANTED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this __19th__ day of November, 2013.

JUDGE TOM STAGG