RECEIVED

NOV 21 2013

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

STEPHANIE BARNES and
JAMES BARNES,
individually & as natural tutors
of minor children S.G., A.B.,
and M.B.

CIVIL ACTION NO. 11-0041

versus

JUDGE TOM STAGG

COMMERCE & INDUSTRY
INSURANCE COMPANY and
AMERICAN INTERNATIONAL
INSURANCE COMPANY

## MEMORANDUM RULING

Before this court is an omnibus motion in limine and Daubert motion filed by the defendants, Commerce and Industry Insurance Company and American International Insurance Company (collectively "C&I"). See Record Document 73. Specifically, C&I seeks exclusion of the following: 1) the testimony of plaintiffs' economist, G. Randolph Rice, Ph.D. ("Dr. Rice"), on the grounds that his methodology does not meet proper standards and his opinions are based on inaccurate facts; 2) the testimony of Patrick Thomas, CPA ("Thomas") regarding past lost wages or future lost wages of Dr. Stephanie Barnes and Dr. James Barnes, on the grounds

that Thomas was never identified as an expert, no expert report was ever provided, the information he relied upon was not provided to the defense until the date that Thomas was deposed, his testimony fails to satisfy the Daubert requirements, and the facts he relies on are unreliable; 3) any testimony regarding facial paralysis and vocal paralysis, including the testimony of Robert Thornton, M.D. ("Dr. Thornton"), in the event the court denied C&I's motion for a continuance (see Record Document 62); and 4) any testimony regarding medical or physiological treatment that Dr. Stephanie Barnes received in California, on the grounds that the parties agreed such testimony would not be presented at trial. See id.

The plaintiffs, Stephanie Barnes and James Barnes, individually and as natural tutors of minor children S.G., A.B., and M.B. (collectively "Barnes"[1]), filed an opposition responding as follows: 1) Dr. Rice's testimony should be admitted because it satisfies the Daubert standard; 2) Thomas's testimony should be admitted because it satisfies the Daubert standard, he was not required to provide a written expert report, and C&I listed Thomas as a witness on its own discovery responses over two years ago; 3) C&I's motion as to Dr. Thornton's testimony and Dr. Barnes's recent facial and vocal paralysis is mooted because the trial was continued (see Record

---

[1] For clarity, Stephanie Barnes will be referred to individually as "Dr. Barnes" while the plaintiffs collectively are referred to as "Barnes."

Document 77); and 4) plaintiffs have no objection to C&I's motion as to medical treatment Dr. Barnes received in California, except that it "will, of course, be necessary to mention Dr. Barnes's treatment in California as part of the narrative of the case." See Record Document 82.

C&I filed a reply memorandum, reiterating their objections to Dr. Rice's and Thomas's testimony being admitted. See Record Document 85. Moreover, C&I claims the issues as to Dr. Thornton are not yet resolved because his deposition has not been scheduled. See id. Finally, C&I claims there should be absolutely no mention of treatment Dr. Barnes received in California because "the defense will be greatly prejudiced because there was an agreement between the parties that this evidence would not be submitted." See id. For the reasons set forth herein, C&I's motion in limine is **DENIED**.

## I. LAW AND ANALYSIS

**A. Dr. G. Randolph Rice's Testimony.**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 ("Rule 702"), which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence

> or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Supreme Court has held that Rule 702 requires the trial judge to act as a gatekeeper to ensure that all expert testimony "is not only relevant, but reliable." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S. Ct. 2786, 2795 (1993). This gatekeeper function applies to all forms of expert testimony. See Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167 (1999).

The first prong of Daubert focuses on the reliability of the expert's testimony. See Daubert, 509 U.S. at 589-90, 113 S. Ct. at 2795. The court must determine whether the reasoning or methodology underlying the expert's testimony is valid. See Moore v. Ashland Chem., Inc., 151 F.3d 269, 276 (5th Cir.1998). Daubert identified a number of factors that are useful in assessing whether an expert's testimony is reliable, including testing, peer review and publication, evaluation of known rates of error, and general acceptance within the scientific community. See Daubert, 509 U.S. at 593-94, 113 S. Ct. at 2796-97. However, "Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Kuhmo Tire, 526 U.S. at 141-42, 119 S. Ct. at 1171.

The plaintiffs intend to call Dr. Rice as an expert witness at trial regarding Dr. Barnes's past and future lost wages. C&I argues that Dr. Rice should be excluded from testifying on the grounds that his testimony does not meet the Daubert requirements and he relies on incorrect facts. The court disagrees, finding that Dr. Rice's testimony satisfies the Daubert requirements and the grounds asserted by C&I to exclude his testimony are not persuasive.

C&I explicitly does not claim that Dr. Rice is not a qualified economist. See Record Document 73. Rather, C&I asserts Dr. Rice's methodology is flawed because he concludes that Dr. Barnes's annual income is $350,000, which contradicts income earnings listed in a report prepared by Kenneth Boudreaux, Ph. D, at the request of C&I. See id., Exs. A and B. C&I further argues that Dr. Rice's methodology is flawed because he assumes Dr. Barnes is completely disabled and cannot work. See id. Neither of these arguments, though, show how Dr. Rice's testimony fails to satisfy the Daubert requirements. Experts are not prohibited from relying on assumptions when formulating their opinions. See Daubert, 509 U.S. at 589-90, 113 S. Ct. at 2798; Kuhmo Tire, 526 U.S. at 153-54, 119 S. Ct. at 1177; Nova Consulting Grp., Inc. v. Eng'g Consulting Servs., Ltd., 290 F. App'x 727, 732-33 (5th Cir. 2008)(holding that an expert's opinion was not rendered unreliable merely because he made a number of assumptions).

C&I has every right to challenge Dr. Rice's testimony, including his underlying assumptions, at trial through vigorous cross-examination and the presentation of contradictory evidence. However, questions regarding the reliability of information the expert relies on go to probative weight, not admissibility. See Tyler v. Union Oil Co. of Cal., 304 F.3d 379, 392-93 (5th Cir. 2002)(holding that a party's objection that the expert's self-created database was unreliable did not affect admissibility); St. Joseph Abbey v. Castille, No. 10-2717, 2011 WL 2182046 at *1 (E.D. La. June 3, 2011)("'[T]he reliability of data underlying an expert's opinion goes to the weight of this evidence, but should not serve as a basis for its exclusion.'")(quoting Gen. Elec. Capital Bus. Asset Funding Corp. v. S.A.S.E. Military Ltd., No. SA-03-CA-189-RF, 2004 WL 5495590 at *4 (W.D. Tex. Oct. 21, 2004)). Consequently, C&I's arguments provide no basis for excluding Dr. Rice's testimony under Daubert.

C&I's memorandum in support of its motion quotes an Eighth Circuit case, Hartley v. Dillard's, Inc., 310 F.3d 1054 (8th Cir. 2002), as follows: "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility . . . . Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Hartley, 310 F.3d at 1061. The defendant in Hartley objected that the expert's testimony was not based on sufficient facts. See id. at 1060-61. Interestingly, in accord with the

cautionary language that C&I quoted, the trial court allowed the challenged expert to testify and the Eighth Circuit affirmed. See id. Similarly, C&I has failed to show that Dr. Rice's opinion is "so fundamentally unsupported" that it ought to be excluded altogether. Therefore, for all the foregoing reasons, C&I's motion as to the testimony of Dr. Rice is **DENIED**.

**B.     Patrick Thomas's Testimony.**

The same standards from Rule 702 and Daubert discussed above with respect to Dr. Rice apply equally to Thomas's testimony. The plaintiff intends to call Thomas to testify regarding the tax returns he prepared in his capacity as the Barnes's CPA. C&I moves to exclude Thomas's testimony on the grounds that he was never identified as an expert, no expert report was ever provided, the information he relied upon was not provided to the defense until the date that he was deposed, and his testimony does not satisfy the Daubert requirements because he relies on unreliable facts. See Record Document 73.

The disclosures required for expert testimony are governed by Federal Rule of Civil Procedure 26(a)(2). Under Rule 26, expert witnesses are only required to provide written reports if they are "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. Proc. 26(a)(2)(B). However, this default rule can be modified by a court's scheduling order. See Tolliver v. U-Haul Co. of Tex., No.

2:09-cv-313, 2011 WL 3626328 at *3 (W.D. La. Aug. 17, 2011).

The initial scheduling order in this case was issued by the magistrate judge on April 27, 2011. See Record Document 9. The initial scheduling order set a deadline of September 30, 2011, for disclosure of the plaintiffs' expert reports. See id. The accompanying instructions stated that only treating physicians were exempt from the disclosure requirements of Rule 26(a)(2)(B), and that any witness whose report was not timely provided would not be allowed to testify as an expert at trial. See id. All of the court's subsequent amended scheduling orders contained the same instructions. See Record Documents 18, 31, and 60. This instruction is in accord with the longstanding practice of this court requiring all expert witnesses, except for treating physicians, to provide expert reports. The court's most recent scheduling order set July 15, 2013, as the deadline for disclosure of the plaintiffs' expert reports. See Record Document 60. The parties agree that no expert report has been produced for Thomas.

Nevertheless, the court is not inclined to exclude Thomas's testimony under the circumstances. As an initial matter, neither the plaintiffs nor the defendants have informed the court exactly what Thomas's expert testimony will focus on. The best the court can glean from the motion, opposition, and reply is that Thomas will testify regarding Barnes's claim for past and future lost wages, relying heavily on the tax

8

returns he prepared for the plaintiffs. Thomas may therefore be merely testifying as a fact witness, in which case the failure to produce an expert report is irrelevant. To what extent Thomas is giving expert opinion testimony has not been established.

Moreover, the defendants will not suffer any prejudice if Thomas is allowed to testify as an expert. Thomas has been listed as a witness for over two years and was designated as an expert witness by the plaintiffs on January 17, 2013. See Record Document 33. The defendants have not pointed to any reason they will be prejudiced if Thomas is permitted to testify as an expert. Additionally, any prejudice that might exist should already be cured. At the time this motion was filed, the trial was scheduled for November 18, 2013. The trial has subsequently been rescheduled for January 21, 2014. This continuance should allow the defendants sufficient time to perform any further discovery or make more precise objections to Thomas's proposed expert testimony.

This court finds that Thomas should not be excluded from testifying as an expert at this time. However, should the plaintiffs intend to use Thomas as an expert witness, the plaintiffs must produce an expert report from Thomas that complies with Rule 26(a)(2)(B) on or before **Monday, December 2, 2013.** C&I may then request to perform any additional discovery it deems necessary in light of Thomas's report. Additionally, C&I may, if necessary, file a motion in limine seeking to exclude the

proposed expert testimony of Thomas by no later than **Monday, December 9, 2013.** Accordingly, for all the foregoing reasons, and subject to the requirements detailed above, C&I's motion as to the testimony of Thomas is **DENIED WITHOUT PREJUDICE.**

C. **Dr. Patrick Thornton's Testimony And Any Testimony Regarding Dr. Barnes's Facial And Vocal Paralysis.**

C&I's motion sought to restrict the testimony of Dr. Thornton only if a continuance was not granted. The court did continue the case on October 9, 2013, rescheduling the trial from November 18, 2013, to January 21, 2014. If this recently disclosed testimony causes scheduling problems, the parties may file a motion requesting additional time to complete discovery. Accordingly, for the foregoing reasons, C&I's motion as to Dr. Thornton's testimony is **MOOTED.**

D. **Testimony Regarding Treatment That Dr. Barnes Received In California.**

The parties have indicated there was an agreement between them that no evidence or testimony would be submitted at trial regarding treatment that Dr. Barnes received in California. The exact details of this agreement, though, have not been made clear to the court. Thus, the court lacks sufficient information at this time to make an informed ruling. Therefore, C&I's motion as to testimony regarding treatment that Dr. Barnes received in California is **DENIED WITHOUT**

**PREJUDICE.** Should the defendants continue to assert that the plaintiffs are not complying with the agreement between the parties as to this testimony, the defendants are hereby instructed to provide a summary of the agreement between the parties and an explanation of how the plaintiffs' proposed use of Dr. Barnes's treatment in California "as part of the narrative of the case" violates the parties' agreement by filing an additional motion in limine on or before **Monday, December 9, 2013.** The plaintiffs should file their opposition on or before **Monday, December 16, 2013.**

## II. CONCLUSION

For the foregoing reasons, C&I's motion with respect to the testimony of G. Randolph Rice, Ph.D., is **DENIED.** C&I's motion with respect to the testimony of Patrick Thomas, CPA, is **DENIED WITHOUT PREJUDICE.** C&I's motion with respect to the testimony of Robert Thornton, M.D., is **DENIED AS MOOT.** C&I's motion with respect to testimony regarding treatment that Dr. Barnes received in California is **DENIED WITHOUT PREJUDICE.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 20th day of November, 2013.

_____
JUDGE TOM STAGG